IN THE MATTER OF: PAMELA PADGETT, KENNETH PADGETT

No. COA02-481

(Filed 18 March 2003)

## 1. Child Support, Custody, and Visitation— custody—neglect

The trial court did not err in a child custody case by adjudicating the children as neglected juveniles, because the findings of fact revealed that the children's physical, emotional, and mental

well-being were impaired or in substantial risk of being impaired based on improper care.

## 2. Child Support, Custody, and Visitation— custody award to grandparents—DSS reasonable efforts

The trial court did not err in a child custody case by awarding custody to the children's maternal grandparents even though respondent mother contends the order on review violated N.C.G.S. § 7B-507(a) in that it failed to make any finding of fact as to whether the Department of Social Services (DSS) should continue to make reasonable efforts to prevent or eliminate the need for placement of the juveniles, because N.C.G.S. § 7B-507(a) was inapplicable to this case when the order on review did not place or continue the placement of the children with DSS.

## 3. Child Support, Custody, and Visitation— custody award to grandparents in Alaska—due process

The trial court did not violate respondent mother's due process rights in a child custody case by awarding custody to the children's maternal grandparents, residents of Alaska, even though respondent mother contends the award constructively denies her visitation without notice or hearing, because respondent was given notice of the hearing and an opportunity to be heard on the visitation issue.

Appeal by respondent mother from order filed 28 September 2001 by Judge Elton G. Tucker in Pender County District Court. Heard in the Court of Appeals 11 February 2003.

*Regina Floyd-Davis for petitioner-appellee Pender County Department of Social Services.*

*Angela H. Brown for respondent-appellant mother.*

BRYANT, Judge.

Diane Padgett (respondent) appeals from an order (the Order on Review) orally rendered on 23 July 2001 and filed on 28 Sep-

IN RE PADGETT

[156 N.C. App. 644 (2003)]

tember 2001[1] granting custody of respondent's children to their maternal grandparents.[2]

On 15 September 2000, the Pender County Department of Social Services (DSS) filed juvenile petitions alleging respondent's children were neglected. On 16 January 2001, the trial court filed an order (the Order on Adjudication) adjudicating the children as neglected juveniles. In that order, the trial court made the following pertinent findings of fact by "clear, cogent and convincing" evidence:

2. [DSS] has provided services to [respondent] for several years in an effort to stabilize the family and assist with the needs of the family. That [respondent] has not met the needs of [respondent's daughter, Pamela Padgett] in that she has not kept medical appointments for Pamela Padgett which has resulted in uncontrollable behaviors at school. Additionally, both juveniles have been left unattended and unsupervised.

. . . .

4. . . . There have been numerous instances of the school's inability to contact [respondent] during emergencies and non-emergencies. [Pamela Padgett] often appear[ed] to be sleep-deprived and hungry. . . .

5. That the maternal grandfather indicated that the [children] were placed in their physical custody by DSS during a period when [respondent] was incarcerated . . . . [Respondent] was not appropriately caring for the [children] who were found padlocked in bedrooms without access to a bathroom and with the household refrigerator padlocked. . . .

---

1. Subsequent to this case, amended subsection (d) of N.C. Gen. Stat. § 7B-906 became effective and as of 1 January 2002 requires any order from a custody review hearing to "be reduced to writing, signed, and entered within 30 days of the completion of the hearing." N.C.G.S. § 7B-906(d) (2001).

2. Two orders bearing different file numbers were written and entered separately as a result of the 23 July 2001 hearing. The first order, the Order on Review, filed 28 September 2001 (00 J 98 & 00 J 99) is the subject of this appeal. Respondent's notice of appeal cites only 00 J 99; however, we treat her notice and appeal as a petition for writ of *certiorari* in 00 J 98, which we grant in order to consider these related matters together. The second order, filed 12 February 2002, arose out of a separate custody action initiated by the maternal grandparents in 01 CVD 429. Because respondent has failed to perfect any appeal in 01 CVD 429 that case is not before us. Accordingly, only the assignments of error resulting from the Order on Review (00 J 98 & 00 J 99) are addressed in this appeal. The respondent father does not appeal.

IN RE PADGETT

[156 N.C. App. 644 (2003)]

The trial court concluded the children were neglected juveniles, in that respondent "is unable to provide for the necessary care or supervision" of the children, and the children resided in "an environment injurious to [their] welfare" as respondent "failed to ensure medical necessities, appropriate supervision, consistent schooling[,] and a stable environment." The trial court ordered legal custody of the children to remain with DSS and also ordered DSS to request an "Interstate Compact home evaluation" of the children's maternal grandparents who resided in Alaska.

At the 23 July 2001 hearing, respondent testified as to why, in her opinion, her children should not be removed to Alaska with their maternal grandparents. There was also testimony from the children's father, maternal aunt, and maternal grandfather; and respondent's attorney and attorneys for other parties presented argument. In the Order on Review, the trial court found as fact that it "was not convinced [respondent] has corrected the problems which led to the children's removal at the origination of the Juvenile Petition." The trial court further found "the children suffered such neglect in the home of their mother, [respondent], that [the trial court] is unable to determine that sufficient improvement is likely in the near future." The trial court concluded as a matter of law that it was in the best interests of the children "that their legal custody be granted to their maternal grandparents."

---

The issues are whether: (I) the adjudication of the children as neglected juveniles was supported by adequate findings of fact; (II) there are sufficient findings of fact and conclusions of law to support the Order on Review; and (III) removal of the children to Alaska constructively denies respondent visitation in violation of her procedural due process rights.

I

[1] Respondent first contends the trial court's findings of fact in the Order on Adjudication are insufficient to support the trial court's conclusion the children were neglected juveniles.[3] We disagree.

---

3. DSS urges this Court to dismiss this assignment of error as respondent failed to file notice of appeal within 30 days of the Order on Adjudication pursuant to Rule 3(c) of the Rules of Appellate Procedure. Appellate Rule 3(b), however, provides that the time to take appeals in juvenile matters is governed by N.C. Gen. Stat. § 7A-666, and appeals in termination of parental rights cases are governed by N.C. Gen. Stat. § 7A-289.34. *See* N.C.R. App. P. 3(b). However, both referenced sections have been repealed and replaced by other provisions. Appeals in child custody cases

IN RE PADGETT

[156 N.C. App. 644 (2003)]

A neglected juvenile is defined as:

A juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who lives in an environment injurious to the juvenile's welfare; or has been placed for care and adoption in violation of law. . . .

N.C.G.S. § 7B-101(15) (2001). Although the statute is silent on whether the juvenile to be adjudicated as neglected must sustain some injury as a result of neglect, "this Court has consistently required that there be some physical, mental, or emotional impairment of the juvenile or a substantial risk of such impairment as a consequence of the failure to provide 'proper care, supervision, or discipline.'" *In re Safriet*, 112 N.C. App. 747, 752, 436 S.E.2d 898, 901-02 (1993) (quoting *In re Thompson*, 64 N.C. App. 95, 101, 306 S.E.2d 792, 796 (1983)). Where there is no finding that the juvenile has been impaired or is at substantial risk of impairment, there is no error if all the evidence supports such a finding. *Id.* at 753, 436 S.E.2d at 902.

In this case, respondent, in her brief to this Court, does not argue that the findings of fact are unsupported by the evidence.[4] Accordingly, those facts are deemed supported by competent evidence. *See Anderson Chevrolet/Olds v. Higgins*, 57 N.C. App. 650, 653, 292 S.E.2d 159, 161 (1982). The trial court found as fact: (1) respondent had not kept medical appointments for Pamela Padgett resulting in uncontrollable behavior at school;[5] (2) both children had been left unattended and unsupervised; (3) the school had been

are now governed by section 7B-1001; and appeals in termination of parental rights cases are governed by section 7B-1113. *See* N.C.G.S. §§ 7B-1001, -1113 (2001). Right to appeal in this case is therefore governed by section 7B-1001 requiring notice of appeal within 10 days of any order of disposition following an order adjudicating a juvenile as neglected. *See* N.C.G.S. § 7B-1001. Here, respondent filed notice of appeal within 10 days of the Order on Review that finally disposed of this matter. Although it appears notice of appeal was properly given to the Order on Adjudication, to any extent necessary we grant *certiorari* to review the merits of this assignment of error. *See* N.C.R. App. P. 21.

4. Respondent did assign as error that there was insufficient evidence to support the findings of fact but failed to include in the record the transcript of evidence presented at the hearing and, instead, focuses her argument on whether the conclusions of law are supported by the trial court's findings.

5. The record indicates the medical treatments were for bi-polar disorder and attention deficit disorder.

unable to contact respondent during both emergencies and non-emergencies; (4) Pamela had often appeared sleep-deprived and hungry; and (5) during a period of time when respondent was incarcerated, the children were found padlocked in bedrooms without access to a bathroom and with the refrigerator also padlocked. These findings of fact show that the children's physical, emotional, and mental well-being were impaired or in substantial risk of being impaired because of improper care. *See Safriet*, 112 N.C. App. at 753, 436 S.E.2d at 902. Thus, the trial court did not err in adjudicating the children as neglected juveniles.

II

**[2]** Respondent next argues the trial court's award of custody to the children's grandparents in the Order on Review was unsupported by the findings of fact and conclusions of law. We disagree. Specifically, respondent argues the Order on Review violated section 7B-507 of the North Carolina General Statutes in that it failed to make any finding of fact as to whether DSS should continue to make reasonable efforts to prevent or eliminate the need for placement of the juveniles.

The clear language of section 7B-507, however, states such a finding must be made in any order "placing or continuing the placement of a juvenile in the custody or placement responsibility of [DSS]." N.C.G.S. § 7B-507(a) (2001). In this case, the Order on Review did not place or continue the placement of the children with DSS, nor did it continue placement responsibility with DSS. To the contrary, the order granted custody to the children's grandparents and specifically released DSS "from all duties over the minor children." Thus, section 7B-507 was not applicable, and the trial court did not err in awarding custody of the children to their grandparents in the Order on Review.

III

**[3]** Respondent finally contends the order granting custody over her children to their maternal grandparents, residents of the State of Alaska, violates her constitutional procedural due process rights by constructively denying her visitation without notice or hearing.

"The fundamental premise of procedural due process protection is notice and the opportunity to be heard." *Peace v. Employment Sec. Comm'n*, 349 N.C. 315, 322, 507 S.E.2d 272, 278 (1998). In this case respondent clearly had notice of the neglect proceedings as well as

the custody proceedings instituted by the maternal grandparents.[6] The record also discloses respondent had notice of the custody review hearing and was present and testified as to why, in her opinion, the children should not be removed to Alaska, and respondent's attorney was given the opportunity to present argument on respondent's behalf. Under section 7B-906, a trial court in a custody review hearing is required, if relevant, to make findings of fact regarding a plan of visitation. *See* N.C.G.S. § 7B-906(c)(6) (2001). Thus, notice of a custody review hearing is notice the trial court will consider issues related to visitation. Indeed, in the Order on Review, the trial court did in fact preserve respondent's right to visitation with her children.[7] Respondent was given notice of the hearing and an opportunity to be heard on the visitation issue and, therefore, her procedural due process rights were not violated. Accordingly, the trial court did not err in adjudicating the children as neglected juveniles and awarding custody of the children to their maternal grandparents.

Affirmed.

Judges HUNTER and ELMORE concur.

---

6. Respondent acknowledges she was given notice of the maternal grandparents' intervention in the case and their intention to seek custody.

7. Respondent's contention she has been constructively denied visitation of her children because of the distance between North Carolina and Alaska is also undermined by her testimony that she and the children resided with her parents in Alaska between 1996 and 1997, showing she had the ability, at least at some point, to travel and stay in Alaska.