IN RE A.R.H.

[177 N.C. App. 797 (2006)]

---

IN RE: A.R.H.

No. COA05-1507

(Filed 6 June 2006)

**1. Child Abuse and Neglect— burden of proof—neglect not shown.**

The trial court did not err by dismissing a child neglect and abuse petition where findings not challenged on appeal supported the court's conclusion that petitioner failed to meet its burden of proof.

IN RE A.R.H.

[177 N.C. App. 797 (2006)]

**2. Appeal and Error— assignment of error to evidence—evidence in question not sufficiently identified**

> An assignment of error concerning the evidence in a child abuse and neglect proceeding was dismissed where the evidence was not identified with particularity.

Appeal by Guardian *Ad Litem* from order entered by Judge James A. Harrill, in the District Court in Rockingham County. Heard in the Court of Appeals 18 May 2006.

> *The Teeter Law Firm, by Kelly Scott Lee, for appellant Guardian Ad Litem.*

> *County Attorney Wendy Walker, for petitioner Rockingham County Department of Social Services.*

> *Farver, Skidmore & McDonough, L.L.P., by H. Craig Farver, and Folger and Tucker, P.A., by Benjamin F. Tucker, for respondent-appellees.*

HUDSON, Judge.

Petitioner Rockingham County Department of Social Services ("DSS") filed a petition on 15 June 2004 alleging that A.R.H. was an abused and neglected juvenile. On 15 June 2004, the court entered an order for non-secure custody, giving DSS placement authority for A.R.H. and removing her from her parents. On the same date, the court appointed a guardian *ad litem* ("appellant"). Following two additional non-secure custody hearings, A.R.H. was continued in DSS custody. Following an adjudicatory hearing, in September and October 2004, the court found that petitioner failed to meet its burden of showing by clear, cogent and convincing evidence that A.R.H. was an abused and neglected juvenile. The guardian *ad litem* appeals. As discussed below, we affirm.

On 7 June 2004, A.R.H.'s mother discovered her daughter, then aged six months, limp and unresponsive and took her to Annie Penn Hospital. The hospital airlifted A.R.H. to Wake Forest Baptist Medical Center's ("BMC") emergency trauma center. Dr. Barbara Specter of BMC, an expert in pediatric radiology, testified that x-rays of A.R.H. revealed a fracture of the right clavicle approximately two weeks old and a compression fracture of the vertebrae in the spine. Dr. Specter testified that the compression fracture was an unusual injury generally seen only in children who have been swung or shaken. Dr. Specter also

found a widening of the sutures in the brain, which in conjunction with A.R.H.'s other injuries, led her to an expert opinion that A.R.H.'s injuries were non-accidental.

Dr. Grey Weaver, an expert in pediatric ophthalmology at BMC, testified that A.R.H. had sustained hemorrhages in the retina of the right eye, hemorrhages of the left eye and a vitreous hemorrhage of the left eye. Based on his examination of A.R.H., Dr. Weaver gave his opinion that the injuries were non-accidental, specifically from shaken baby syndrome. Dr. Dan Williams, another expert in radiology, reviewed a number of head CT scans and brain MRIs of A.R.H. Dr. Williams testified that the type of bleeding in A.R.H.'s brain indicated non-accidental trauma, "shaken baby for example." Dr. Lynn Fordham, an expert in pediatric radiology from the University of North Carolina School of Medicine ("UNC"), examined A.R.H.'s CT scans and concluded that "I don't know for sure what happened." Dr. Michael Lawless, professor of pediatrics at Wake Forest University School of Medicine, supervised A.R.H.'s case and testified that he examined her several times and reviewed all of her medical records and interviewed her parents. Dr. Lawless testified that the injuries were severe and that no underlying medical condition could adequately explain them other than non-accidental trauma.

Before and on 7 June 2004, respondent mother was the primary care-giver for A.R.H. She testified that her daughter's injuries were the result of bumps she received hitting her head on a kitchen island at home, a fall from a "bouncy seat" to the floor, and a hit from a plastic golf club by a sibling. Respondent mother also stated that A.R.H. had seizures and an undiagnosed blood disorder. A.R.H. suffered several seizures while hospitalized, including a focal seizure in which she stared fixedly and was unresponsive, but did not shake. Family members had seen this behavior before, but did not realize what it was. Respondents called Dr. William Young, an expert in pediatric ophthalmology, who testified that the pattern of hemorrhaging in A.R.H.'s left eye could be due to an accident. On cross-examination Dr. Young stated that respondents had not informed him of A.R.H.'s other injuries, and that if he had known about all of the injuries, he would have considered it a suspicious constellation of injuries. Respondents also called Dr. Faith Crosby, a pediatrician, in order to show that Dr. Crosby's office was responsible for A.R.H.'s clavicle fracture due to improper restraint during a catheterization. Dr. Crosby testified that she had never injured a child during any procedure.

The court found that

39. Medical testimony was presented from eight physicians, whose opinions ranged from "consistent with non-accidental trauma, specifically shaken baby syndrome" to "I don't know what happened to this child:"

The court then concluded that petitioner failed to meet its burden of showing by clear, cogent and convincing evidence that A.R.H. was abused and neglected.

[1] Appellant first argues the trial court erred in dismissing the petition. We do not agree.

"The allegations in a petition alleging abuse, neglect, or dependency shall be proved by clear and convincing evidence." N.C. Gen. Stat. § 7B-805 (2003). "A proper review of a trial court's finding of [abuse,] neglect[, and dependency] entails a determination of (1) whether the findings of fact are supported by 'clear and convincing evidence,' and (2) whether the legal conclusions are supported by the findings of fact." *In re Pittman*, 149 N.C. App. 756, 763-64, 561 S.E.2d 560, 566 (2002) (internal citation and quotation marks omitted). Where an appellant's brief to this Court "does not argue that the findings of fact are unsupported by the evidence . . . ., those facts are deemed supported by competent evidence." *In re Padgett*, 156 N.C. App. 644, 577 S.E.2d 337 (2003). Here, appellant fails to challenge any of the trial court's findings of fact in its brief to this Court. Thus, we need only consider whether those findings support the court's conclusions of law.

In addition to finding 39 above, the trial court made the following pertinent findings:

37. Dr. Crosby has been the family's regular pediatrician since the birth of [A.R.H.'s siblings]. She reports no concerns or "red flags" for child abuse in her dealings with the family.

\*\*\*

42. There has been no evidence presented that the respondent-parents are anything other than loving and caring parents with exceptional family support. There is no evidence that there is any trouble in the marriage, that either parent has anger management issues, that the respondent-mother has suffered from post-partum depression or that either parent has any psychiatric or psychological condition that affects their ability to parent their children appropriately.

These findings support the court's conclusion that the petitioner failed to meet its burden of showing by clear, cogent, and convincing evidence that A.R.H. was abused or neglected. We overrule this assignment of error.

[2] Appellant also argues that the trial court erred by dismissing the petition for abuse and neglect at the adjudication phase, using evidence of A.R.H.'s best interest from the dispositional phase. We disagree.

Appellant's assignment of error II and the argument in her brief challenge the admissibility of certain "dispositional evidence," but fails to identify this evidence with any particularity. Rule 10 of the Rules of Appellate Procedure requires that

> [e]ach assignment of error shall so far as practicable, be confined to a single issue of law; and shall state plainly, concisely and without argumentation the legal basis upon which error is assigned. An assignment of error is sufficient if it directs the attention of the appellate court to the particular error about which the question is made, with clear and specific record or transcript references. Questions made as to several issues or findings relating to one ground of recovery or defense may be combined in one assignment of error, if separate record or transcript references are made.

N.C. R. App. P. 10(c)(1). Appellant's assignment of error cites 105 consecutive pages of the transcript and the argument in her brief does not specify what pieces of evidence were improperly admitted. Instead, appellant's brief discusses on various comments by the court and disagrees with the weight given to certain testimony in making findings. Without the appellant having identified specific pieces of evidence, this Court cannot evaluate the propriety of its admission or determine whether petitioner made timely objections to the admissibility of the evidence at trial. "The North Carolina Rules of Appellate Procedure are mandatory and failure to follow these rules will subject an appeal to dismissal." *Viar v. N.C. DOT*, 359 N.C. 400, 401, 610 S.E.2d 360, 360 (2005) (internal quotation marks omitted). We dismiss this assignment of error.

Affirmed.

Judges McCULLOUGH and TYSON concur.