IN THE MATTER OF: P.R. H.R.
No. COA07-1432
Court of Appeals of North Carolina.
Filed April 1, 2008
This case not for publication
Northen Blue, LLP, by Samantha H. Cabe, for Petitioner-Appellee Orange County Department of Social Services.
N.C. Administrative Office of the Courts, by Pamela Newell Williams, for Guardian ad Litem-Appellee.
Peter Wood for Respondent-Appellant.
STEPHENS, Judge.
On 14 November 2006, Petitioner Orange County Department of Social Services ("DSS") received two independent referrals expressing concern for the safety of Respondent's children, P.R. and H.R. Subsequently, a DSS social worker spoke with the children at their school and visited the family's home. On 17 November 2006, DSS received two phone calls: the first stating that the children were not in school, and the second stating that a U-Haul trailer was parked at the home. That afternoon, DSS filed petitions alleging that the children were neglected and that Respondent was attempting to flee the jurisdiction with the children. The trial court granted DSS nonsecure custody of both children that day.
After repeatedly continuing the adjudication hearing, largely at Respondent's request, the trial court held the hearing on 15 June 2007. On 2 July 2007, the trial court entered an order adjudicating both children dependent and neglected. The trial court held a dispositional hearing on 16 August 2007 and entered its dispositional order on 9 October 2007. Respondent filed written notice of appeal from the adjudicatory and dispositional orders on 23 October 2007.

I. DEPENDENCY
Respondent first argues the trial court erred in entering its second conclusion of law, which stated:
2. The above-named juvenile is a dependent juvenile within the meaning and scope of N.C.G.S. 7B-101(9) in that she is a juvenile in need of assistance or placement because she has no parent, guardian or custodian responsible for her care or supervision or whose parent, guardian, or custodian is unable to provide for her care or supervision and lacks an appropriate alternative child care arrangement.
Citing In re D.C., ___ N.C. App. ___, 644 S.E.2d 640 (2007), Respondent argues that the trial court was without jurisdiction to enter this conclusion because the petitions initiating the actions did not allege that either child was dependent. Although DSS does not respond to this argument in its brief, the guardian ad litem concedes that, pursuant to this Court's holding in D.C., the trial court erred in entering this conclusion. In D.C., we reversed a portion of a trial court's order adjudicating a juvenile neglected where the underlying petition only alleged the juvenile was dependent. In that case, "the box for `neglect'" on the petition was not checked, and the factual allegations attached to the petition did not "put respondent on notice that both dependency and neglect [] would be at issue during the adjudication hearing." Id. at ___, 644 S.E.2d at 643 (emphasis in original). Similarly, in the case at bar, the "dependency" box was not checked on the underlying petitions, and the factual allegations attached to the petitions did not put Respondent on notice that both dependency and neglect would be at issue during the adjudication hearing. Accordingly, the trial court erred in entering its second conclusion of law, and that conclusion must be reversed.

II. NEGLECT
In her second and final argument, Respondent argues the trial court erred in entering its eighteenth finding of fact and its second and third conclusions of law. Because we held, above, that the trial court erred in entering its second conclusion of law, we need not address Respondent's second argument to the extent it concerns that conclusion.
Our general statutes define a neglected juvenile as
[a] juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare; or who has been placed for care or adoption in violation of law. In determining whether a juvenile is a neglected juvenile, it is relevant whether that juvenile lives in a home where another juvenile has died as a result of suspected abuse or neglect or lives in a home where another juvenile has been subjected to abuse or neglect by an adult who regularly lives in the home.
N.C. Gen. Stat. § 7B-101(15) (2007). The trial court's eighteenth finding of fact states:
18. The mental illness and alleged physical illnesses of Respondent [] and the multiple medications she has taken, her use of cocaine and her choice to live with Mr. Ott, have put the juveniles at risk in that it has created an environment that is injurious to the health and welfare of the juveniles and has created an atmosphere in which the juveniles have not been and cannot be properly supervised.
The trial court's third conclusion of law states:
3. The above-named juvenile is a neglected juvenile within the meaning and scope of N.C.G.S. 7B-101(15) in that he [sic] is a juvenile who does not receive proper care, supervision, or discipline from her parents, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care or other remedial care recognized under State law, or who lives in an environment injurious to her welfare, or who has been placed for care or adoption in violation of law. In determining whether a juvenile is a neglected juvenile, it is relevant whether that juvenile lives in a home where another juvenile has died as a result of suspected abuse or neglect or lives in a home where another juvenile has been subjected to abuse or neglect by an adult who regularly lives in the home.
"The classification of a determination as either a finding of fact or a conclusion of law is admittedly difficult." In re Helms, 127 N.C. App. 505, 510, 491 S.E.2d 672, 675 (1997). "As a general rule, however, any determination requiring the exercise of judgment . . . or the application of legal principles . . . is more properly classified a conclusion of law." Id. "The determination of neglect requires the application of the legal principles set forth in N.C. Gen. Stat. § [7B-101(15)] and is therefore a conclusion of law." Helms, 127 N.C. App. at 510, 491 S.E.2d at 675-76. Determinations that a juvenile lives in an environment injurious to the juvenile's health and welfare and that a juvenile is not properly supervised require the exercise of judgment and, like a determination of neglect, are conclusions of law. Accordingly, the trial court's eighteenth finding of fact constitutes a conclusion of law, and, thus, our review is limited to a determination of whether the challenged conclusions are supported by the trial court's findings. In re M.G., ___ N.C. App. ___, 653 S.E.2d 581 (2007).
Respondent, however, does not contend that the conclusions are not supported by the findings. Rather, Respondent contends that the trial court's conclusions, insofar as they conclude that an "above-named juvenile is a neglected juvenile[,]" (emphasis added) are "inscrutable[,]" "meaningless[,]" and "vague[,]" and "defy simple analysis." DSS responds that the trial court's conclusion that the "juveniles" were neglected is "sufficiently stated[.]" The guardian ad litem responds that the "trial court entered a clerical error by using the word `juvenile' in the singular[,]" and that this Court "should not reverse the entire [order] due to a clerical error."
While we agree with Respondent that the third conclusion of law is "vague and imprecise[,]" we disagree with Respondent's contention that the trial court's conclusions do not allow us to conduct meaningful appellate review. The order is captioned in both juveniles' names, and the order refers to both children in the plural throughout its findings. In "finding" number eighteen, the trial court concluded that both juveniles lived in an environment injurious to their health and that both juveniles did not receive proper supervision. Both of these conclusions support a conclusion that both juveniles were neglected. N.C. Gen. Stat. § 7B-101(15). Thus, we agree with the guardian ad litem that the trial court's construction of its third conclusion of law in the singular represents a mere clerical error. The clear import of the third conclusion of law is that both P.R. and H.R. were neglected.
Because Respondent does not challenge any of the trial court's findings of fact, all of the court's findings are "deemed supported by competent evidence." In re Padgett, 156 N.C. App. 644, 648, 577 S.E.2d 337, 340 (2003) (citation omitted). Moreover, as stated above, Respondent does not argue that the trial court's conclusions are not supported by the findings. Nevertheless, we have thoroughly reviewed the trial court's findings and conclude that the findings support the court's conclusion that both P.R. and H.R. were neglected. Among other findings which support the trial court's conclusion, the court found that (1) Respondent was convicted of felony child abuse in Arizona "based upon [Respondent's] children having burns on their bodies which were caused by non-accidental means[;]" (2) Respondent was "diagnosed with Delusional Disorder and Psychotic Disorder" and her "mental illness impairs her ability to parent children[;]" and (3) the children said "gangsters" frequent the home. Respondent's argument is overruled.
For the reasons stated above, we reverse the adjudicatory order to the extent that it adjudicates either P.R. or H.R. dependent. In all other respects, the adjudicatory order is affirmed. The dispositional order is affirmed.
REVERSED IN PART; AFFIRMED IN PART.
Judges CALABRIA and STEELMAN concur.
Report per Rule 30(e).