**IN RE B.G.**

[197 N.C. App. 570 (2009)]

IN THE MATTER OF: B.G.

No. COA08-1448

(Filed 16 June 2009)

## 1. Child Support, Custody, and Visitation— custody granted to nonparent relative over parent—sufficiency of findings of fact—best interests of child

The trial court erred by granting custody to nonparent relatives over respondent parent without making adequate findings of fact and conclusions of law, and the case is remanded for reconsideration because: (1) although the trial court concluded it was in the best interest of the minor child to remain with the nonparent relatives, it failed to issue findings of fact to support the application of the best interest analysis that respondent father acted inconsistently with his custodial rights; and (2) although there may be evidence in the record to support a finding that respondent acted inconsistently with his custodial rights, it is not the duty of the Court of Appeals to issue findings of fact.

## 2. Child Support, Custody, and Visitation— custody granted to nonparent relative over parent—sufficiency of findings of fact under N.C.G.S. § 7B-907(b), (c), and (f)

The trial court's child custody order did not fail to make sufficient findings of fact with regard to N.C.G.S. § 7B-907(b), (c), and (f) because: (1) although respondent father contends the order failed to address why joint legal custody was the best permanent plan, he made no substantive argument and cited no authority to support this argument; (2) the trial court's uncontested findings indicated that it considered the stability of the child's home life, her ability to interact with her siblings and mother, and her desire to remain in her current living situation; (3) the findings sufficiently supported and explained the basis for the trial court's determination that placement with respondent within the next six months would not be in the child's best interest, and the child should be placed in another permanent living arrangement with the relatives; (4) according to the plain language of these statutes, there is no prohibition on an award of joint legal custody to both a relative and a parent, and respondent cited no authority to suggest that joint legal custody was impermissible; and (5) the trial court's finding that the relatives have adequate resources to support the child was treated as conclu-

sive, and thus was sufficient to satisfy the statutory requirements of N.C.G.S. § 7B-907(f).

Appeal by Respondent-father from order entered 8 October 2008 by Judge James T. Hill in District Court, Durham County. Heard in the Court of Appeals 5 May 2009.

*Deputy County Attorney Thomas W. Jordan, Jr., for petitioner-appellee Durham County Department of Social Services.*

*Poyner Spruill LLP, by John W. O'Hale, for guardian ad litem-appellee.*

*Appellate Defender, Staples S. Hughes, by Assistant Appellant Defender Annick Lenoir-Peek, for respondent-appellant.*

WYNN, Judge.

This appeal follows our decision in *In re B.G., B.D.G., C.D., C.D.2*, 191 N.C. App. 399, 663 S.E.2d 12 (2008) (unpublished), wherein we set forth the facts as follows:

In 2005, Beth's mother gave birth prematurely to twins who tested positive for cocaine at birth. The mother also tested positive for cocaine and was reported to have used cocaine on the day of the delivery. She delivered the first baby at Genesis House, while the second baby was delivered at Duke University Medical Center. On 5 October 2005, the Durham County Department of Social Services ("DSS") filed a petition alleging that Beth, a second daughter, and the twins were neglected based primarily on the mother's drug use and her unstable housing.[]

DSS did not, in this petition, seek nonsecure custody because the mother was allowing the two older children to live with their maternal aunt, Monica Edwards, and the twins to live with Rose Jones. Previously, Beth and her sister were living with their mother at Genesis House.

On 18 October 2005, as a result of changed circumstances, DSS filed a motion for nonsecure custody, seeking an order granting DSS custody with placement to be with the mother so long as she remained drug and alcohol free, maintained stable housing, continued individual therapy, and accepted mental health services for herself and her two older daughters. On the same date, the trial court entered an order granting the relief sought by DSS. On

**IN RE B.G.**

[197 N.C. App. 570 (2009)]

27 October 2005, the trial court granted respondent visitation with Beth to be arranged by DSS. On 27 January 2006, all four children were adjudicated neglected "in that the children do not receive proper care from their mother" and "live in an environment injurious to the children's welfare in the care of the mother." With respect to respondent, the trial court found that respondent was interested in obtaining custody or extensive visitation with Beth. The court noted that it had previously ordered that respondent have visitation with Beth, but "the mother choose [sic] not to comply with the court's order" and "[s]he did not have an acceptable reason for her willful noncompliance with" the order. The trial court further found that the fact respondent had "little recent contact" with Beth led to or contributed to the court's decision to remove custody from respondent, but added that "[t]he mother has had custody and has willfully refused to allow visits."

The trial court ordered that it was in the best interests of the children that they be placed in the custody of DSS with authorization for a trial placement with the mother so long as she complied with specified conditions. The trial court ordered unsupervised visitation between respondent and Beth and directed respondent to develop a plan of care for Beth.

On 24 March 2006, however, the trial court approved temporary placement of Beth with her maternal aunt and uncle, Daniel and Monica Edwards, because the mother had been incarcerated. Following additional review and permanency planning hearings, the trial court continued Beth's placement with Daniel and Monica Edwards, but provided for additional visitation with respondent. Following a review hearing on 23 May 2006, the trial court entered an order on 25 July 2006, finding that although Beth desired to continue to live with Mr. and Mrs. Edwards, DSS' permanent plan for Beth was reunification with respondent. The trial court noted that there had been a positive home study on respondent's home and "[n]ow is the best time to attempt a transition into the home of the [respondent.]" Accordingly, the trial court ordered that respondent have weekend visitation every other weekend and periods of two-week visitation during Beth's summer vacation.

Following a permanency planning hearing on 17 July 2007, the trial court entered an order on 11 October 2007, concluding that it was in the best interests of Beth that she continue in the physical custody of Mr. and Mrs. Edwards, that she be placed in the

joint legal custody of respondent and the Edwardses, that Beth have a structured plan of visitation with respondent, and that DSS be relieved of reunification efforts with the mother. The trial court ordered that DSS and Beth's guardian ad litem be relieved of their duties as to Beth and that the case be closed and removed from the active juvenile docket. Respondent timely appealed from this order.

On review, this Court reversed the 11 October 2007 order for insufficient findings of fact pursuant to N.C. Gen. Stat. § 7B-907 (2007) and remanded for further proceedings. *Id.* Thereafter, on 8 October 2008, the trial court entered a new permanency planning order, making additional findings of fact but reaching the same conclusions as in its 11 October 2007 order.

Respondent-father now appeals from the 8 October order arguing that the trial court erred by (I) granting custody of the minor child to the Edwardes (non-parent relatives) over Respondent (parent) without making adequate findings of fact and conclusions of law; and (II) failing to make findings of fact in accordance with sections 7B-907(b), (c), and (f).

## I.

[1] As in the earlier appeal to this Court, Respondent argues that the trial court erred by granting custody to the Edwardses (non-parent relatives) over Respondent (parent) without making adequate findings of fact and conclusions of law. However, we did not address this issue in our earlier opinion noting that:

> We cannot, however, determine whether this issue was raised below. "Constitutional issues not raised and passed upon at trial will not be considered for the first time on appeal." *State v. Lloyd*, 354 N.C. 76, 86-87, 552 S.E.2d 596, 607 (2001). The recording device at the trial of this case malfunctioned and did not record the hearing. The parties prepared a narration of the proceedings that recited the testimony of each witness, but did not reflect the arguments of counsel. While neither of the appellees has argued that respondent failed to make his constitutional argument at trial, the trial court did not address the issue in its order. We, therefore, leave the issue to be addressed in the first instance by the trial court on remand.

*In re B.G., B.D.G., C.D., C.D.2*, 191 N.C. App. 399, 663 S.E.2d 12 (2008) (unpublished).

**IN RE B.G.**

[197 N.C. App. 570 (2009)]

Upon considering this issue on remand, the trial court made the following conclusions of law, regarding custody:

> 6. [Respondent] has a constitutional right to the care and custody of his daughter [Beth], and the issue of his right to the care and custody of his daughter was specifically argued before the court. However, the Court believes the child's wishes are to be considered and it is in her best interest to be placed with a third party, the Edwardses.
>
> 7. When balancing the constitutional rights of a non offending parent *who has not acted inconsistently* with that constitutionally protected right to the care and custody and control of the child against those of a third person with the best interest of the child, the court should resolve the issue in favor of what is in the best interest of the child.

(emphasis added). According to its order, the trial court ultimately balanced the rights of the Respondent "against those of a third person with the best interest of the child[,]" and determined that it was in the best interest of Beth to grant custody to the Edwardses, the child's nonparent relatives.

Contrary to the trial court's conclusions otherwise, to apply the best interest of the child test in a custody dispute between a parent and a nonparent, a trial court must find that the natural parent is unfit or that his or her conduct is inconsistent with a parent's constitutionally protected status. *See, e.g., Price v. Howard*, 346 N.C. 68, 79, 484 S.E.2d 528, 534 (1997) (holding the "best interest of the child" test may be applied without offending due process rights if the court also finds conduct inconsistent with a parent's constitutionally protected status); *see also Adams v. Tessener*, 354 N.C. 57, 61-62, 550 S.E.2d 499, 502 (2001).

Here, the trial court concluded that it was in the best interest of Beth to remain with the Edwardses but failed to issue findings to support the application of the best interest analysis—namely that Respondent acted inconsistently with his custodial rights. Although there may be evidence in the record to support a finding that Respondent acted inconsistently with his custodial rights, it is not the duty of this Court to issue findings of fact. Rather, our review "is limited to whether there is competent evidence in the record to support the findings and the findings support the conclusions of law." *In re J.C.S.*, 164 N.C. App. 96, 106, 595 S.E.2d 155, 161 (2004). Ac-

cordingly, we must reverse the order awarding custody to the minor child's non-parent relative and remand for reconsideration in light of this opinion.

## II.

**[2]** Respondent also argues that the trial court's order failed to make sufficient findings of fact with regard to sections 7B-907(b), (c), and (f). We review the court's order in light of these arguments, addressing each subsection of the statute in turn.

## A.

Section 7B-907(b) of the North Carolina General Statutes provides, in part:

At the conclusion of the hearing, if the juvenile is not returned home, the court shall consider the following criteria and make written findings regarding those that are relevant:

(1) Whether it is possible for the juvenile to be returned home immediately or within the next six months, and if not, why it is not in the juvenile's best interests to return home;

(2) Where the juvenile's return home is unlikely within six months, whether legal guardianship or custody with a relative or some other suitable person should be established, and if so, the rights and responsibilities which should remain with the parents;

. . .

(4) Where the juvenile's return home is unlikely within six months, whether the juvenile should remain in the current placement or be placed in another permanent living arrangement and why[.]

First, Respondent argues that the trial court failed to explain in its findings of fact why it was not in the child's best interest to return home to her father and why joint permanent custody is the "best permanent plan." In its permanency planning order, the trial court issued the following findings relevant to this issue:

6. The child has been in the legal custody of Durham DSS. She has been in placement with [the Edwardses] since January, 2006 which is a period of over one year. Prior to January, 2006, there were other periods of time when Beth lived with [the Edwardses]

due to the mother's inability to care for her. . . . The child has maintained a consistent relationship and has maintained consistent contact with the Edwards[es].

. . .

16. A bond exists between Beth and [the Edwardses]. They are her maternal aunt and uncle. Beth engages in extracurricular activities within the Durham community. . . .

. . .

23. It is possible for the child to be returned home to her father, however it is against the wishes of the child and.not in her best interest because of the stability she has attained with the Edwardses and her ability to see her mother and siblings.

24. It is not likely for the child to be returned home to her father in the next six months in that it is against the child's wishes and not in her best interests.

. . .

30. The child was not removed from the home of the father. The child is not being placed in the home of the father due to the child [sic] wishes and she has achieved stability in the home of her aunt and uncle and this will allow her to visit with her mother, her siblings and her father. . . .

Respondent argues that finding of fact number 23 "should not be construed to comply with the requirements of N.C. Gen. Stat. § 7B-907(b)(1)[,]" yet makes no substantive argument and fails to cite to any case law supporting this contention. Further, while Respondent states "the order fails to address why joint legal custody is the best permanent plan[,]" he again makes no substantive argument and cites no authority to support this argument.

The trial court's findings—uncontested by Respondent on appeal—indicate that the court considered the stability of the child's home life, her ability to interact with her siblings and mother, and her desire to remain in her current living situation. Moreover, they sufficiently support and explain the basis for the trial court's determination that placement with Respondent within the next six months would not be in the child's best interest, and the child should be placed in another permanent living arrangement—with the Edwardses. Accordingly, we find no error with regard to the statutory requirements of section 7B-907(b).

B.

Next, Respondent argues that the trial court erred by award-ing joint legal custody to Respondent and the Edwardses because N.C. Gen. Stat. § 7B-907(c) does not authorize such a dispositional alternative, stating: "Nowhere does the statute provide for 'joint legal custody' which is a legal relationship used regularly in domestic cus-tody disputes."

Section 7B-907(c) states in relevant part:

The judge may appoint a guardian of the person for the juve-nile pursuant to G.S. 7B 600 or make any disposition authorized by G.S. 7B-903 including the authority to place the child in the custody of either parent or any relative found by the court to be suitable and found by the court to be in the best interest of the juvenile.

Further, N.C. Gen. Stat. § 7B-903(a) (2007), provides "the court may combine any of the applicable alternatives when the court finds the disposition to be in the best interests of the juvenile[.]" Accordingly to the plain language of these statutes, there is no such prohibition on an award of joint legal custody to both a relative and a parent. Moreover, Respondent cites no authority to suggest that joint legal custody is impermissible. Accordingly, we find this argument to be without merit.

C.

Finally, Respondent argues the trial court "failed to determine that the Edwards[es] had adequate resources to care for Beth as required by N.C. Gen. Stat. § 7B-907(f)." Specifically, he argues that because the court found that the Edwardses are receiving "$240.00 monthly from Durham DSS" for Beth's care and "[o]nce the court closed the case, the Edwards[es] would no longer receive this addi-tional supplement[,]" the trial court did not adequately determine that the Edwardses had the adequate resources to provide for the child. This argument is without merit.

Section 7B-907(f) provides that where the court determines a child should be—placed in the custody of an individual other than the parents . . ., the court shall verify that the person receiving custody or being appointed as guardian of the juvenile understands the legal sig-nificance of the placement or appointment and will have adequate resources to care appropriately for the juvenile." Here, the trial court made the following findings of fact, uncontested on appeal:

25. The child's current placement is meeting her needs.

. . .

28. . . . The Edward[es] have the financial resources to provide for the child. The Edward[es] understand the responsibility of having custody of the child.

Neither of these findings of fact are assigned as error by Respondent, and are thus deemed to be supported by competent evidence, and conclusive on review by this Court. *In re Padgett*, 156 N.C. App. 644, 648, 577 S.E.2d 337, 340 (2003). Accordingly, the trial court's finding that the Edwardses have adequate resources to support the child is treated as conclusive, and is thus sufficient to satisfy the statutory requirements of section 7B-907(f).

In sum, we recognize that this is a particularly difficult and complicated custody situation. Beth is approaching the age of majority and has consistently expressed a preference for remaining in the home of the Edwardses. However, we also note the gravity of the constitutional right involved in this case, and urge the trial court on remand to carefully revisit the custody issue in light of the principles of law articulated in this opinion.

Affirmed in part; reversed and remanded in part.

Judges JACKSON and HUNTER, JR. concur.