IN THE MATTER OF: A.M.S., B.L.S., and J.M.B., Minor Children.
No. COA09-1027.
Court of Appeals of North Carolina.
Filed January 5, 2010.
This case not for publication
Jess, Isenberg & Thompson, by Elva L. Jess, for petitioner-appellee Brunswick County Department of Social Services.
Susan J. Hall for respondent-appellant mother.
Pamela Newell Williams for the Guardian ad Litem to the respondent-appellee minor children.
BRYANT, Judge.
C.S. ("respondent") appeals from orders terminating her parental rights to her minor children, A.M.S., J.M.B., and B.L.S. (collectively, "the juveniles"). For the reasons stated herein, we affirm.
On 5 May 2008, the Brunswick County Department of Social Services (DSS) filed juvenile petitions for non-secure custody alleging A.M.S., B.L.S., and J.M.B. were abused, neglected, and dependent. The trial court adjudicated A.M.S. an abused, neglected and dependent juvenile. J.M.B. and B.L.S. were adjudicated neglected and dependent juveniles.
In a subsequent action to determine whether legal custody of the children would remain with DSS, the trial court's adjudication and disposition orders found that A.M.S. sustained a spiral fracture of the left femur as a result of abuse by her parent, custodian or caretaker. When presented at the hospital emergency room, personnel observed finger marks on A.M.S.'s face and jaw and a bruise on her head. Following the removal of the children, a DSS worker met with respondent on two occasions. On both, respondent exhibited slurred speech and glassy eyes and was unsteady on her feet. Respondent refused to take a drug test. The trial court ordered that it was not in the best interest of the children to compel reunification with respondent as such efforts "would be inconsistent with the juveniles' health, safety, and need for a safe permanent home within a reasonable period of time." DSS was ordered to cease reunification efforts with respondent, retain both legal and physical custody, and change the permanent plan for the juveniles to adoption.
Respondent appealed the order to this Court on the issues of whether there was competent evidence to support a finding of abuse, neglect, and dependency, as well as the disposition that reunification efforts were to cease and the permanent plan changed to adoption. In an opinion filed 17 February 2009, we held there existed sufficient evidence in the record to support the trial court's findings of fact and conclusion of law that A.M.S. was an abused juvenile; J.B.M. and B.L.S. were neglected juveniles; and all three were dependent. Moreover, we held that the trial court did not abuse its discretion in ruling it to be in the best interests of the juveniles to cease reunification efforts with respondent.
On 10 October 2008, DSS filed a petition for termination of parental rights. DSS alleged that respondent continued to neglect A.M.S., J.M.B., and B.L.S., failed to display the ability or willingness to establish a safe home for the juveniles, and failed to provide consistent care for the minors during the six months preceding the petition.
After hearings on 23 March, 6, 16, and 20 April 2009, the trial court entered three adjudication orders on 28 April, nunc pro tunc 20 April 2009, in which it made findings of fact regarding the following: a prior termination of respondent's parental rights to two of her other children, C.T. and R.S., in 2005 and 2008, respectively; respondent's use of illegal drugs and failure to follow through with any substance abuse program since October 2004; respondent's sporadic and short term employment history  respondent was last employed for a few weeks in 2009 and 2006 and failed to demonstrate an ability to provide independently for the needs of her children; A.M.S. and J.M.B. both contracted lice, acknowledging the fact that lice spreads through contact though neither child was in a day care or school environment; A.M.S.'s injury was inflicted by other than accidental means, that respondent provided inconsistent explanations for the injury, and that emergency room personnel observed finger marks on A.M.S.'s face and a bruise on her head; that after A.M.S., J.B.M., and B.L.S. were removed from respondent's custody, respondent spent the weekend at bike week in Myrtle Beach, South Carolina where she was arrested for drunk and disruptive behavior and pled guilty to charges to secure her release after two days in jail; respondent was twice observed by DSS with slurred speech, glassy eyes, and being unsteady on her feet but refused to submit to a drug screen; and that respondent was incarcerated on 11 June 2008 and released on house arrest on 5 February 2009. Moreover, the trial court found that A.M.S., J.B.M., and B.L.S. were removed from respondent on 5 May 2008 due to injuries A.M.S. suffered after being left in the care of another, a repeat of inappropriate supervision, and that respondent had engaged in multiple relationships during which issues of Domestic Violence had arisen, including her continued relationship with the man respondent claims caused the severe injury to A.M.S. The trial court found that respondent failed to demonstrate she has improved her parenting ability between the time her other children were removed in Forsyth County and when A.M.S., J.B.M., and B.L.S. were removed in Brunswick County. The trial court found that "[respondent] does not demonstrate the ability to take appropriate steps to take proper[] care of her juvenile[s]." Respondent "has failed to display the ability or willingness to establish a safe home for the minor child." The trial court found that grounds existed for the termination of respondent's parental rights with respect to A.M.S., J.B.M., and B.L.S. pursuant to N.C. Gen. Stat. §§ 7B-1111(a) (1), abuse or neglect of a juvenile, and (9), where a parent's parental rights have been involuntarily terminated with respect to another juvenile and the parent lacks the ability or willingness to establish a safe home.
After a hearing on 20 April 2009, the trial court entered a dispositional order in which it found that respondent did not believe she needed parenting classes nor a case plan and would have the trial court believe that she is a mother without any deficiencies; that respondent is completely dependent upon her mother for support, except for food stamps; and that respondent is currently on electronic house arrest. Moreover, the trial court made findings of fact regarding the stable relationship the juveniles exhibited with their foster parents and foster siblings and resources available to the juveniles in their foster home. The trial court found that while considering whether there was any reasonable hope the children could be reunited with respondent, respondent "failed to demonstrate that she has internalized any of the skills that were suggested through other court interventions[,]" and respondent continues to be unable to provide independently for her children. On these findings, the trial court concluded that grounds existed for the termination of respondent's parental rights and that it was in the best interest of the minor children that respondent's parental rights be terminated. Respondent appeals.
On appeal, respondent presents two questions: did the trial court abuse its discretion in concluding that (I) respondent's parental rights were subject to termination on grounds of neglect; and (II) respondent lacked ability or willingness to establish a safe home.

I
First, respondent argues that the trial court abused its discretion in concluding that respondent's parental rights were subject to termination on grounds of neglect. On appeal, respondent argues that "any neglect is not ongoing and that she has the ability to provide proper care, supervision, and discipline for the Juveniles."
In reviewing an order entered following the adjudication phase of a proceeding for the termination of parental rights, "this Court considers whether the trial court's findings of fact are based on clear, cogent, and convincing evidence and whether those findings support the trial court's conclusion that grounds for termination exist pursuant to N.C. Gen. Stat. § 7B-1111." In re C.W., 182 N.C. App. 214, 219, 641 S.E.2d 725, 729 (2007) (citation omitted). In reviewing an order entered following the dispositional phase of a termination proceeding, this Court "considers whether the trial court abused its discretion in determining that it was in the child's best interests to terminate the respondent's parental rights." Id.
On appeal, respondent acknowledges the extensive findings of fact made by the trial court during the adjudicatory or dispositional phase of the termination proceeding as to A.M.S., J.M.B., and B.L.S. and does not challenge any finding. Unchallenged findings of fact are deemed to be supported by competent evidence and are conclusive on appeal. See In re Padgett, 156 N.C. App. 644, 648, 577 S.E.2d 337, 340 (2003) (citation omitted).
Based on the findings of fact the trial court concluded that grounds existed for the termination of respondent's parental right to A.M.S., J.M.B., and B.L.S. pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) and (a)(9).
Under North Carolina General Statutes, section 7B-1111, Grounds for terminating parental rights,
(a) The court may terminate the parental rights upon a finding of one or more of the following:
(1) The parent has abused or neglected the juvenile. The juvenile shall be deemed to be abused or neglected if the court finds the juvenile to be an abused juvenile within the meaning of G.S. 7B-101 or a neglected juvenile within the meaning of G.S. 7B-101.
. . .
(9) The parental rights of the parent with respect to another child of the parent have been terminated involuntarily by a court of competent jurisdiction and the parent lacks the ability or willingness to establish a safe home.
N.C.G.S. § 7B-1111(a)(1) and (9) (2007).
Under N.C. Gen. Stat. § 7B-101, an abused juvenile is defined as "[a]ny juvenile less than 18 years of age whose parent, guardian, custodian, or caretaker: . . . [i]nflicts or allows to be inflicted upon the juvenile a serious physical injury by other than accidental means . . . ." N.C.G.S. § 7B-101(1)a. (2007). A neglected juvenile is defined as "[a] juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker . . . ." N.C.G.S. § 7B-101(15) (2007).
We hold that the trial court's findings of fact support the trial court's conclusions of law made during the adjudicatory phase of the termination proceedings that grounds exist to terminate respondent's parental rights to A.M.S., J.B.M., and B.L.S. pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) and (9). Moreover, the trial court's findings of fact, made during the dispositional phase, indicate that A.M.S., J.B.M., and B.L.S. have formed stable relationships with their foster parents and foster siblings and reside in a safe environment. The trial court concluded that the best plan for a safe and stable home for the juveniles within a reasonable time period was adoption and ordered respondent's parental rights to A.M.S., J.M.B., and B.L.S. terminated. After a review of the record, we hold the trial court did not abuse its discretion in terminating respondent's parental rights. Respondent's assignments of error are overruled.
For the reasons stated above, we need not address respondent's remaining arguments.
Affirmed.
Judges ROBERT C. HUNTER and JACKSON concur.
Report per Rule 30(e).