TYSON, Judge.
*54 Respondent-father appeals from an order terminating his parental rights. We reverse.
I. Background
Respondent is the father of the juvenile, J.D.A.D. Petitioner is the juvenile's mother. Petitioner and Respondent never married, and J.D.A.D. was born out of wedlock. On 21 August 2014, the district court entered an order, in which it adjudicated Respondent to be J.D.A.D.'s father and awarded permanent primary legal and physical custody to Petitioner. The court declined to grant Respondent any visitation whatsoever with J.D.A.D.
On 10 February 2016, Petitioner filed a petition to terminate Respondent's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(5) (failure to legitimate) and (7) (abandonment) (2015). On 20 May 2016, Petitioner took a voluntary dismissal of the allegation of abandonment. Petitioner filed an amended petition to terminate Respondent's parental rights and alleged Respondent's parental rights to other children had been involuntarily terminated and Respondent lacked the ability or willingness to establish a safe home as an additional ground. See N.C. Gen. Stat. § 7B-1111(a)(9) (2015). On 25 August 2016, the trial court terminated Respondent's parental rights. Respondent filed timely notice of appeal.
II. Jurisdiction
Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7B-1001(a)(6) (2015).
*655 III. Background
Respondent argues the trial court erred by concluding that grounds existed to terminate his parental rights. We agree.
IV. Standard of Review
"[O]ur standard of review for the termination of parental rights is whether the trial court's findings of fact are based on clear, cogent and convincing evidence and whether the findings support the conclusions of law. The trial court's conclusions of law are reviewable de novo on appeal." In re J.S.L ., 177 N.C.App. 151, 154, 628 S.E.2d 387, 389 (2006) (citations and internal quotation marks omitted).
V. Analysis
The trial court concluded grounds existed to terminate Respondent's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(9). This statute *55 allows parental rights to be terminated when "the parental rights of a parent with respect to another child of the parent have been terminated involuntarily by a court of competent jurisdiction and the parent lacks the ability or willingness to establish a safe home." N.C. Gen. Stat. § 7B-1111(a)(9).
To terminate a parent's rights under N.C. Gen. Stat. § 7B-1111(a)(9), the trial court must perform a two-part analysis. The trial court must find by clear, cogent and convincing evidence that: (1) there has been an involuntary termination of parental rights of another child of the parent, and (2) the parent has an inability or unwillingness to establish a safe home. In re L.A.B. , 178 N.C.App. 295, 299, 631 S.E.2d 61, 64 (2006). A safe home is defined as a "home in which the juvenile is not at substantial risk of physical or emotional abuse or neglect." N.C. Gen. Stat. § 7B-101(19) (2015).
Respondent challenges the court's finding of the second element. Respondent asserts the court's findings of fact and the admitted evidence do not support a conclusion that he lacked the ability or willingness to provide a safe home.
The trial court found, in pertinent part:
That the respondent father lacks the ability to establish a safe home for the juvenile in that he has been incarcerated in the NC Department of Adult Corrections since October, 2015 and was incarcerated in local confinement from July, 2015, until October, 2015; that his expected release date is not until October, 2018; that the Court finds the respondent is unable to provide a home for the juvenile although the Court does not find the respondent ... willfully failed to establish a safe home for the juvenile.
This Court has repeatedly stated that while a parent's imprisonment is relevant to determining whether grounds exist for termination, "incarceration, standing alone, is neither a sword nor a shield in a termination of parental rights decision." In re C.W. , 182 N.C.App. 214, 220, 641 S.E.2d 725, 730 (2007) (citation omitted); see also In re P.L.P. , 173 N.C.App. 1, 10, 618 S.E.2d 241, 247 (2005) (affirming termination of parental rights based on neglect where trial court found by clear, cogent and convincing evidence that the incarcerated respondent "(1) 'could have written' but did not do so; (2) 'made no efforts to provide anything for the minor child'; (3) 'has not provided any love, nurtur[ing] or support for the minor child'; and (4) 'would continue to neglect the minor child *56 if the child was placed in his care' "), aff'd per curiam , 360 N.C. 360, 625 S.E.2d 779 (2006).
The only rationale cited by the trial court in its adjudicatory findings to support termination pursuant to N.C. Gen. Stat. § 7B-1111(a)(9) is Respondent's incarceration. Petitioner cites evidence that Respondent has not been approved for visitation with the juvenile, has provided minimal financial support, continues to abuse illegal substances, and has not obtained necessary substance abuse treatment, to support her argument that Respondent is unable to establish a safe home for J.D.A.D.
While record evidence may support Petitioner's claims, and the trial court relied upon some of this evidence at disposition when determining best interests, the trial court failed to make any adjudicatory findings concerning these alleged failings by Respondent. It is not this Court's duty or responsibility to make and issue findings of *656 fact. In re B.G. , 197 N.C.App. 570, 574, 677 S.E.2d 549, 552-53 (2009). Our review is to determine whether there is clear, cogent and convincing evidence in the record supports the findings and whether the findings support the conclusions of law. In re J.S.L. , 177 N.C.App. at 154, 628 S.E.2d at 389.
VI. Conclusion
The trial court's findings of fact do not find clear, cogent and convincing evidence and are insufficient to support its conclusion of law that grounds existed to terminate Respondent's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(9). Cf. In re D.J.D. , 171 N.C.App. 230, 242, 615 S.E.2d 26, 34 (2005) (respondent's "incarceration and his inability to suggest alternate arrangements for his children, supports the trial court's conclusion that respondent was unable to establish a safe home." (emphasis supplied)).
The trial court found no other grounds existed upon which to base termination of Respondent's parental rights. The trial court erred by concluding grounds existed to terminate Respondent's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(9). We need not address Respondent's remaining argument on appeal that it was not in J.D.A.D.'s best interest to terminate Respondent's parental rights. The order terminating Respondent's parental rights is reversed. It is so ordered.
REVERSED.
Judges BRYANT and DAVIS concur.